Charles J. Tallent, Esq. Town Attorney, Charlestown
You informed us that a former supervisor of your town while in office was convicted of multiple felony and misdemeanor counts for Election Law violations and for forgery. Under section 30(1)(e) of the Public Officers Law this resulted in his automatic removal from office. The sentence was to 5 years probation and a $2,500 fine. Your question is whether this individual may run for supervisor of the town.
Under section 30(1)(e) of the Public Officers Law a public office becomes vacant by operation of law upon the conviction of the incumbent of a felony or of a crime involving a violation of his oath of office. This provision, however, does not serve as a disqualification for future office holding.
Section 23(1) of the Town Law provides that "[e]very elective officer of the town at the time of his election and throughout his term, shall be an elector of the town". We have construed the term elector as used in this provision as a person who is eligible to register to vote (1970 Op Atty Gen [Inf] 67 and 1975 Op Atty Gen [Inf] 234). A person who has been convicted of a felony is ineligible to register for or vote in any election during the period of his sentence to imprisonment (Election Law, § 5-106[2] and [5]). A convicted felon sentenced only to probation would not lose his right to vote (New York State Board of Elections Formal Opinion No. 6, 1983, copy enclosed). Since the former supervisor was sentenced only to probation, he is not, under provisions of the Election Law, ineligible to vote and therefore, does not lose his status as an elector of the town under section 23(1) of the Town Law because of the conviction.
In your letter you have noted the possibility that the former supervisor may not be able conscientiously to take his oath of office and may not be able to procure a bond. The failure to file an oath of office or bond timely results in the automatic vacation of the office by operation of law (Public Officers Law, § 30[1][h]). However, we have found no basis for concluding, based upon a possibility that a person will not be able to fulfill these requirements, that he is ineligible to be elected to the office.
We conclude that the conviction of a person of a felony resulting in a sentence of probation and a fine does not render the individual ineligible to run for public office.